UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS PIPER

        Plaintiff,

  v.

HARVEYS CASINO, et al.,

        Defendants.

No. 2:16-cv-02374-GEB-CKD (PS)

FINDINGS AND RECOMMENDATIONS

Defendants City of South Lake Tahoe, South Lake Tahoe Police Department, and Officer Hounsell filed a motion to dismiss plaintiff's second amended complaint on June 26, 2017 (ECF No. 25), which came on regularly for hearing on September 20, 2017. Pro se plaintiff Douglas Piper appeared on behalf of himself. Helen Burkart appeared telephonically on behalf of defendants. Upon review of the documents in support and opposition and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I.    RELEVANT BACKGROUND

On October 4, 2016, pro-se plaintiff initiated this action against Barton Hospital, Harveys Casino, and South Lake Tahoe Police Department, alleging violations of 42 U.S.C. § 1983. (ECF No. 1). Plaintiff requested permission to proceed *in forma pauperis* (ECF No. 2), which the court granted, while also dismissing the complaint with leave to amend. (ECF No. 8 at 4.) Specifically, the court found "the allegations in plaintiff's complaint so vague and conclusory that

1

it [wa]s unable to determine whether the current action [wa]s frivolous or fail[ed] to state a claim for relief." (Id. at 2.) The court advised plaintiff that in any amended complaint, "plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends." (Id.) Next, the court explained that all defendants to a § 1983 action must be state actors—which plaintiff had failed to plead as to Harveys Casino and Barton Hospital—and explained the requirements for bringing a Monell claim under § 1983—which plaintiff had failed to meet as to South Lake Tahoe Police Department. (Id. at 3.)

Plaintiff filed the first amended complaint on January 12, 2017. (ECF No. 9.) The court dismissed plaintiff's first amended complaint, and once again advised him that the court found "the allegations in plaintiff's complaint so vague and conclusory that it [wa]s unable to determine whether the current action [wa]s frivolous or fail[ed] to state a claim for relief." (ECF No. 10 at 2.) However, plaintiff was granted leave to amend for a second time because the court determined that:

> It appears that plaintiff may be able to state a claim under section 1983 for excessive force. The complaint, however, fails to name the individual officers who allegedly employed excessive force in arresting plaintiff. If plaintiff intends to proceed on this claim, the second amended complaint must name the individual officers as defendants.

(Id. at 4.)

On April 3, 2017, plaintiff filed the second amended complaint, naming Officer Mark Hounsell as an additional defendant, and alleging the following causes of action: (1) excessive force, false arrest, and conspiracy; (2) unlawful custom and practice under § 1983; (3) assault and battery; (4) false arrest/imprisonment; (5) civil conspiracy; (6) torts in essence; (7) intentional infliction of emotional distress; (8) negligence; and (9) violation of the California Banes Civil Rights Act. (See ECF No. 15.)

On April 28, 2017, the court dismissed defendants Harveys Casino and Barton Hospital because plaintiff again failed to state a claim against either defendant. (See ECF Nos. 16, 18.) On June 26, 2017, the remaining defendants filed the pending motion to dismiss plaintiff's second amended complaint. (ECF No. 25.)

2

During the hearing on the motion to dismiss, Ms. Burkhart indicated that Officer Hounsell is deceased. The court ordered defendants to provide formal notice of Officer Hounsell's death. (ECF No. 34.) On October 12, 2017, defendants provided the court with a copy of Officer Hounsell's death certificate. (ECF No. 35.) Thereafter, the court served plaintiff with a copy of Officer Hounsell's death certificate, and informed plaintiff that he had until January 10, 2018 to file a motion for substitution, pursuant to Federal Rule of Civil Procedure 25(a)(1). (ECF No. 36.) Plaintiff has failed to file such a motion.

II.     LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v.

3

Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) ("pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

III. DISCUSSION

Construing the pleading liberally, it appears that plaintiff may have sufficiently stated claims against Officer Hounsel for excessive force and false arrest under the first cause of action, and for violation of the California Banes Act under the ninth cause of action. (See ECF No. 15 at 11–13, 21–22.) However, at the same time, defendants have demonstrated that Officer Hounsel is deceased (ECF No. 35), and plaintiff has failed to file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1). As a result, plaintiff has failed to state a claim for relief under the first and ninth causes of action in the second amended complaint because he has failed to name a valid defendant.

Plaintiff has also failed to state a claim for relief under the second cause of action because he failed to allege facts sufficient to state a Monell claim against the City of South Lake Tahoe or the South Lake Tahoe Police Department. According to plaintiff,

> Defendant CITY and the SOUTH LAKE TAHOE POLICE DEPARTMENT, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the . . . SOUTH LAKE TAHOE POLICE DEPARTMENT and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.
>
> . . .
>
> Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by failing and refusing to fairly and impartially investigate, disciple or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by the DEPARTMENT and CITY.

(ECF No. 15 at 13–14.) These statements are conclusory allegations, without the factual support necessary to state a claim. See Iqbal, 556 U.S. at 678.

4

As to the remaining claims, for a third time the court finds that the allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the remaining claims are frivolous or fail to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.

Importantly, the second amended complaint is plaintiff's third opportunity to state viable claims, after the court twice analyzed and rejected plaintiff's allegations for the same reasons. (<u>See</u> ECF Nos. 8 at 2; 10 at 2.) Therefore, the court concludes that further leave to amend would be futile.

IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss the second amended complaint (ECF No. 25) be GRANTED.
2. Plaintiff's second amended complaint be DISMISSED without leave to amend.
3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

/////

/////

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 23, 2018

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/16-2374.Piper v. Harveys Casino et al.F&R dismissal